IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| Lamar Lenoir, | : | |
| Petitioner, | : | Case No. 3:09cv00286 |
| vs. | : | District Judge Walter Herbert Rice<br>Magistrate Judge Sharon L. Ovington |
| Warden, Southern Ohio Correctional Facility, | : | |
| | : | |
| Respondent. | | |
| | : | |

## DECISION AND ENTRY

This case is before the Court upon Petitioner's Motion to Clarify (Doc. #38) the Decision and Entry denying his motion for an evidentiary hearing as premature. (Doc. #34). Petitioner states that it is not apparent from the rules governing evidentiary hearings in habeas corpus cases or in any caselaw why his motion for an evidentiary hearing was premature "when all filings have been completed by both parties and the 'procedural issues' referred to by the [Decision] are unknown to Petitioner and it is not understood how any defense raised by the Respondent would limit the consideration of an evidentiary hearing upon the review of the petition, nor does the Petitioner know when to renew the motion." (Doc. #38).

Petitioner's Motion for Evidentiary hearing is premature because Respondent contends that Petitioner's grounds one, two, five, and portions of ground four are

procedurally defaulted. If Respondent is correct – and the Court expresses no opinion on this at present – then these grounds may be subject to dismissal rather than to review on the merits. *See Richey v. Bradshaw*, 498 F.3d 344, 359 (6th Cir. 2007)("Federal courts are prohibited from 'review[ing] a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" (quoting in part *Coleman v. Thompson,* 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). As a result, review and resolution of the parties' contentions regarding procedural default is warranted before determining whether an evidentiary hearing must be held. Once the procedural issues are resolved, Petitioner will be free to renew his Motion for Evidentiary Hearing, if warranted.

This case is also before the Court upon Petitioner's Motion for Reconsideration (Doc. #37) of the prior Decision and Entry (Doc. #34). Petitioner seeks to ensure that the Court understood his Motion to Expand the Record (Doc. #26) focused on not just the transcripts but also on the Exhibits he has submitted, "so that this Court properly has all the evidence before it that clearly show the perjury infecting this case and his actual innocense." (Doc. #37). Returning to the Motion to Expand the Record, Petitioner noted that the exhibits attached to his Rule 26(B) proceedings in the Ohio Court of Appeals should be recognized as part of the records in this case. (Doc. #26 at 1276). A careful review of the record in this case reveals that Petitioner's Motion for Reconsideration is moot because the record contains the exhibits discussed in his Motion to Expand Record

and contains the exhibits he filed in support of his Petition. There is consequently no need to expand the record – it already contains the exhibits Petitioner wants it to contain. The Court, of course, will consider the record as a whole, including all the exhibits submitted into the record by the parties, when resolving their contentions.

Lastly, the case is before the Court upon Petitioner's Motion to Substitute Respondent (Doc. #35). Petitioner explains that a new Warden, Donald Morgan, has taken custody of him and that Donald Morgan should therefore be substituted as Respondent. This is correct, as the Court noted in the prior Decision and Entry. (Doc. #34 at n.1). Yet as also previously noted, the case should remain captioned as it presently is, identifying Respondent as the Warden of the Southern Ohio Correctional Facility, for docking continuity and clarity.

## IT IS THEREFORE ORDERED THAT:

1. Petitioner's Motion for Reconsideration (Doc. #37) is DENIED as moot;

2. Petitioner's Motion to Clarify (Doc. #38) is GRANTED;

3. Petitioner's Objections (Doc. #36) are pending before the United States District Judge;

4. Petitioner's Motion to Substitute Respondent (Doc. #35) is GRANTED with the case caption remaining the same; and

5. The case remains pending on the docket of this Court.

February 24, 2011

                                              s/Sharon L. Ovington
                                                  Sharon L. Ovington
                                     United States Magistrate Judge