IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LAMAR LENOIR, | : | |
| Petitioner, | : | Case No. 3:09cv286 |
| | : | District Judge Walter H. Rice |
| -vs- | | Magistrate Judge Michael J. Newman |
| | : | |
| WARDEN, Southern Ohio Correctional Facility, | : | |
| Respondent. | : | |

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATION (DOC. #47) IN THEIR ENTIRETY; PETITIONER'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #54) OVERRULED; JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND AGAINST PETITIONER HEREIN, DENYING PETITIONER'S PETITION FOR WRIT OF *HABEAS CORPUS* WITH PREJUDICE; TERMINATION ENTRY

Based upon the reasoning and citations of authority set forth by the United States Magistrate Judge, in his Report and Recommendation, filed November 14, 2011 (Doc. #47), as well as upon a thorough *de novo* review of this Court's file and the applicable law, this Court adopts the aforesaid Report and Recommendation in its entirety, and overrules the Petitioner's Objections (Doc. #54) thereto. In ruling on Petitioner's Objections, this Court wishes to emphasize the following, although these observations were fully set forth in the Magistrate Judge's thorough analysis of the petition at issue.

1. Grounds One and Two are procedurally defaulted, and Petitioner has failed to show sufficient cause to excuse his default.

2. Ground Three has no merit, upon the merits. Petitioner contends his due process rights were violated by the eleven year delay between the murder and his indictment. However, he has failed to show that the Government purposefully delayed charging him in order to gain a tactical advantage. *See United States v. Brown*, 959 F.2d 63, 66 (6th Cir. 1992). Further, he does not dispute that the informant did not identify Petitioner as the shooter until some ten years after the crime. Accordingly, the Government had a valid reason for waiting until said identification to prosecute Petitioner. *See United States v. Declue*, 899 F.2d 1465, 1468-69 (6th Cir. 1990).

3. Grounds Four and Five, alleging ineffective assistance of appellate counsel, have no merit, in that Petitioner would not have prevailed on these claims even if they had been raised on appeal. *See McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004).

4. Petitioner's "actual innocence" claims are without merit. First, Petitioner has not presented "any new reliable evidence," as required by the Supreme Court. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Second, while Petitioner has demonstrated inconsistencies in the eyewitness testimony, he still has not met the high "actual innocence" standard, requiring him to show that, had such evidence been presented, "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Id.* at 327. Moreover, as set forth by the Magistrate Judge, and confirmed by the

undersigned in reviewing the record, Petitioner's trial counsel zealously cross-examined the critical witnesses on a myriad of inconsistencies.

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendation of the United States Magistrate Judge (Doc. #47), and overrules Petitioner's Objections (Doc. #54) thereto. Judgment will be ordered entered in favor of Respondent and against Petitioner herein, dismissing the Petitioner's Petition for Writ of *Habeas Corpus*, with prejudice.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 30, 2012

WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Lamar Lenoir, *Pro Se*
Counsel of record