IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| LAMAR LENOIR, | : |
|     Petitioner, | :   Case No. 3:09cv286 |
| | :   District Judge Walter H. Rice |
|     -vs- |       Magistrate Judge Michael J. Newman |
| | : |
| WARDEN, Southern Ohio | |
|   Correctional Facility, | : |
|     Respondent. | : |

ORDER ON PENDING MOTIONS

This *habeas corpus* case is before the Court upon Petitioner's *pro se* motions: (1) for an evidentiary hearing (Doc. #51); (2) for a certificate of appealability (Doc. #52); (3) to reduce the required number of copies (Doc. #53); (4) for leave to appeal *in forma pauperis* (Doc. #56); (5) "to receive evidence" (Doc. #60, #62); and (6) "to inquire on record" (Doc. #61). On November 14, 2011, the Magistrate Judge recommended that Petitioner's *habeas* petition be dismissed with prejudice (Doc. #47). The Court adopted the Report and Recommendation on March 30, 2012 (Doc. #64).

    A.    Motion for an Evidentiary Hearing (Doc. #51)

Petitioner first moves for an evidentiary hearing on Grounds One, Two, and Three of his *habeas* petition (Doc. #51). As explained in the Report and Recommendation, Grounds One and Two are procedurally defaulted. *See*

Doc. #47. Therefore, an evidentiary hearing is not required to resolve those claims. *See Schriro v. Landrigan*, 550 U.S. 465, 474-75 (2007) (stating that evidentiary hearings should be denied "on issues that can be resolved by reference to the state court record").

An evidentiary hearing is unwarranted on Ground Three because even if Petitioner's factual allegations are true, he still would not be entitled to federal *habeas* relief. *See Id.* at 474. For due process purposes, the pre-indictment delay is measured from the time the government determined that the defendant is probably guilty. *See United States v. Brown*, 959 F.2d 63, 65-66 (6th Cir. 1992). "Where a delay is investigative rather than intended to gain a tactical advantage over the accused, pre-indictment delay does not offend the Fifth Amendment." *Id.* at 66. Here, Petitioner does not dispute that Kirby Peterson (a witness at the crime scene) did not notify police that Petitioner shot Patty Davis until March 2005, over ten years after the murder. *See* Doc. #51 at PAGEID 2124-28. Petitioner was then indicted in December 2005. Doc. #11-1 at PAGEID 351. Thus, because the government had a valid reason for the delay, Petitioner's due process rights were not violated. *See United States v. Declue*, 899 F.2d 1465, 1468-69 (6th Cir. 1990).

In sum, an evidentiary hearing is unnecessary on Grounds One and Two because those claims are procedurally defaulted. Moreover, Petitioner is unentitled to an evidentiary hearing on Ground Three because, even assuming his factual

allegations are true, the Court would not grant him *habeas corpus* relief under 28 U.S.C. § 2254(d); the factual allegations do not amount to a constitutional violation. Accordingly, Petitioner's Motion for an Evidentiary Hearing (Doc. #51) is **DENIED**.

B. Motion for a Certificate of Appealability (Doc. #52)

Petitioner also seeks a certificate of appealability (Doc. #52). To obtain a certificate of appealability under 28 U.S.C. § 2253(c), Petitioner must show that "reasonable jurists would find [the Court's] assessment of Petitioner's constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or "the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In addition, for those claims dismissed on procedural grounds, Petitioner must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. If the Court can resolve the procedural issue first, it need not consider the constitutional issues. *Id.* at 484-85.

Here, reasonable jurists would not disagree with the Court's conclusion that Ground One (the prosecutor knowingly presented false testimony) is procedurally defaulted. Petitioner never raised this argument in his state court proceedings. *See* Doc. #11-1 & #11-2.

On the other hand, based on a two-tiered analysis, it would be appropriate to grant a certificate of appealability as to Ground Two. Reasonable jurists would not

disagree with the Court's conclusion that Ground Two (ineffective assistance of trial counsel) is procedurally defaulted because Petitioner failed to raise this claim in appealing the denial of his post-conviction petition to the Ohio Court of Appeals and Ohio Supreme Court. *See* Doc. #11-2 at PAGEID 1062-71, 1104-12. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). Nonetheless, the analysis does not end there. The Court finds that reasonable jurists would find it debatable whether Petitioner has asserted sufficient "cause" to excuse his procedural default of Ground Two. Further, the Court finds it reasonably debatable whether Petitioner states a valid ineffective assistance of counsel claim. Therefore, the Court grants a certificate of appealability on Ground Two.

As for Petitioner's remaining claims, reasonable jurists would not disagree with the Court's conclusion that Grounds Three, Four and Five fail to state a valid claim of the denial of a constitutional right. As discussed above, because the State had a valid reason for delaying Petitioner's indictment, his due process rights were not violated. *See Declue*, 899 F.2d at 1468-69. Further, it is not debatable that Grounds Four and Five fail to state valid ineffective assistance of appellate claims because there is no reasonable probability that the result of Petitioner's appeal would have been different had his appellate counsel raised the arguments espoused by Petitioner. *See McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004).

In sum, Petitioner's Motion for a Certificate of Appealability (Doc. #52) is **GRANTED** as to **Ground Two** and **DENIED** as to all other grounds for relief.

C.  Motion to Reduce the Required Number of Copies (Doc. #53)

Petitioner's *pro se* motion to reduce the required number of copies (Doc. #53) is **DENIED**. Petition brings his motion pursuant to Fed. R. of App. P. 25(e), which does not apply to this Court. In addition, the Court notes that the Sixth Circuit Court of Appeals now uses electronic filing.

D.  Motion for Leave to Appeal *In Forma Pauperis* (Doc. #56)

Petitioner's *pro se* motion for leave to appeal *in forma pauperis* (Doc. #56) is **GRANTED** as to Ground Two and **DENIED** as to all other grounds for relief.

E.  Motions to Receive Evidence (Doc. #60, #62)

In his initial and supplemental motions "to receive evidence," Petitioner attaches portions of the trial transcript and asks the Court to focus on specific testimony. *See* Doc. #60, #62. The Court notes that Respondent has already filed the relevant trial transcript with the Court. *See* Doc. #31-3, #31-4. Further, the Court carefully reviewed the entire record, including the trial transcript, in ruling on Petitioner's *habeas corpus* petition. Therefore, Petitioner's *pro se* motions to receive evidence (Doc. #60, #62) are unnecessary and **DENIED**.

F.  Motion to Inquire on Record (Doc. #61)

Petitioner has also filed a "motion to inquire on record," wherein he asks the Court if the transcripts from the opening and closing arguments were filed. *See* Doc. #61. While it does not appear that those transcripts were filed, the Court advises Petitioner that Respondent was not required to file the opening and closing

argument transcripts. Rule 5(c) of the Rules Governing § 2254 Cases states that Respondent "must attach to the answer parts of the transcript that the respondent considers *relevant*." Here, the Court finds that the opening and closing statements were not relevant to any of Petitioner's grounds for relief in his *habeas* petition. *See* Doc. #4. Therefore, his motion (Doc. #61) is **DENIED**.

Recognizing that judgment was entered in favor of Respondent, the case is complete. Accordingly, Petitioner is directed not to file any more motions.

IT IS SO ORDERED.

March 30, 2012

WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Lamar Lenoir, *Pro Se*
Counsel of record