# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LAMAR LENOIR, | : | Case No. 3:09-cv-286 |
| Petitioner, | | |
| | : | District Judge Walter H. Rice |
| vs. | | Magistrate Judge Michael J. Newman |
| WARDEN, SOUTHERN OHIO CORRECTIONAL FACILITY, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION[1] THAT PETITIONER'S FED. R. CIV. P. 60(b)(2) MOTION (DOC. 72) BE DENIED

This matter is before the Court on Petitioner's motion for relief from judgment denying him an evidentiary hearing based on newly discovered evidence pursuant to Fed. R. Civ. P. 60(b)(2). Doc. 72.

### I. Background

On March 30, 2012, the Court dismissed Petitioner's 28 U.S.C. § 2254 *habeas corpus* petition. Doc. 64. The Court also denied his motion for an evidentiary hearing. Doc. 66.

Petitioner originally requested leave to file his Rule 60(b) motion, but the Court denied that request because leave is not required to file such a motion. *See* doc. 73. At that time, the Court ordered Petitioner to produce his alleged "newly discovered evidence," *i.e.,* the "audio confession from the State's primary witness Kirby Peterson," and Petitioner did so on June 27, 2012. *See* docs. 73, 75. Specifically, Petitioner produced a digital audio recording of a telephone conversation between his sister, Jamisla Meaux, and Kirby Peterson; a certified transcript of that

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

conversation; and two affidavits authenticating that recording and the transcript. *See* doc. 75. The Court listened to the audio recording, and read the transcript and affidavits.

In his motion, Petitioner claims that Kirby Peterson's statements support his *habeas* claim in Ground One – that the prosecutors knowingly suborned false testimony from Kirby Peterson, its primary witness. *See* doc. 72. It appears that Petitioner is relying on the following portion of the recorded telephone conversation:

| | |
|---|---|
| JAMISLA MEAUX: | He thinks that the prosecutor told you what to say when it was up there – when you was up there on the witness stand. |
| KIRBY PETERSON: | Oh, yeah, they did. |
| JAMISLA MEAUX: | You said what, Kirby? |
| KIRBY PETERSON: | They did that. |
| JAMISLA MEAUX: | They told you what to say? |
| KIRBY PETERSON: | Well, yeah. |
| JAMISLA MEAUX: | Okay. Okay. |
| KIRBY PETERSON: | I mean, like they was like showing me old pictures of what happened. |
| JAMISLA MEAUX: | Yeah. |
| KIRBY PETERSON: | And – |
| JAMISLA MEAUX: | But you – you was locked up at that time, wasn't you? Huh? |
| KIRBY PETERSON: | Yeah. What – what time? |
| JAMISLA MEAUX: | I said you was – I said you was locked up at that time, wasn't you? When they – when you went – when Lemar [Petitioner] went to trial for that? |
| KIRBY PETERSON: | Yeah. Yeah. |
| JAMISLA MEAUX: | Okay. Okay. All right. Well – |

Audio Recording Transcription, at 11-12.

## II. Analysis

The Court finds that Petitioner's motion is actually a second or successive *habeas* petition. When a Rule 60(b) motion's "factual predicate deals primarily with the constitutionality of the underlying state . . . conviction or sentence,' the motion should be treated as a second or successive petition." *Smith v. Anderson*, 402 F.3d 718, 723 (6th Cir. 2005) (quoting *Abdur'Rahman v. Bell*, 392 F.3d 174, 181 (6th Cir. 2004)). Such is the case here. Essentially, with this new evidence,

Petitioner seeks to vacate his state criminal judgment by attempting to show that Kirby Peterson lied on the witness stand, and the prosecution knew he was lying. *See id.* at 724-25.

Under 28 U.S.C. § 2244(b)(3), Petitioner must obtain authorization from the Sixth Circuit Court of Appeals before he can file a second or successive *habeas* petition in this Court. *See id.* at 723. Thus, because Petitioner has not obtained authorization from the Sixth Circuit, this Court lacks jurisdiction over his motion. *See id.*

Further, the Court notes that Petitioner's Rule 60(b) motion should be denied even if the Court had jurisdiction. Petitioner is not entitled to an evidentiary hearing because, as noted in the Report and Recommendation, his claim is procedurally defaulted. *See* doc. 47 at PageID 2086-88; s*ee also Schriro v. Landrigan*, 550 U.S. 465, 474-75 (2007).

Petitioner's newly presented evidence of an audio recording does not support a claim of actual innocence under *Schlup v. Delo*, 513 U.S. 298 (1995) to excuse his procedural default. The Sixth Circuit has explained the *Schulp* standard as follows:

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

*Souter v. Jones,* 395 F.3d 577, 589-90 (6th Cir. 2005). Thus, even if the Court did have jurisdiction to consider his newly discovered evidence, Petitioner has nonetheless failed to meet the *Schulp* standard to excuse his procedural default of Ground One.

Petitioner is **ADVISED** that he may present his audio recording and transcript to the state courts by filing a petition for post-conviction relief pursuant to Ohio Rev. Code § 2953.23.

### III. Recommendation

In conclusion, the Court **RECOMMENDS** that Petitioner's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) (doc. 72) be **DENIED**.


July 2, 2012                                      s/ **Michael J. Newman**
                                                  United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).