IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LAMAR LENOIR, | : | |
| | | Case No. 3:09-cv-286 |
| Petitioner, | | |
| | : | District Judge Walter H. Rice |
| vs. | | Magistrate Judge Michael J. Newman |
| | | |
| WARDEN, SOUTHERN OHIO CORRECTIONAL FACILITY, | : | |
| | | |
| Respondent. | : | |

### REPORT AND RECOMMENDATION[1]  THAT
### *PRO SE* PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY TO APPEAL THE DENIAL OF HIS RULE 60(b) MOTION (DOC. 88) BE DENIED

This matter is before the Court upon *pro se* Petitioner's motion for a certificate of appealability to appeal the Court's denial of his Fed. R. Civ. P. 60(b) motion (doc. 88). On March 30, 2012, the Court dismissed Petitioner's 28 U.S.C. § 2254 *habeas corpus* petition. Doc. 64. In a separate Order, the Court granted Petitioner a certificate of appealability with respect to Ground Two, and denied certificates of appealability as to all other grounds for relief. *See* doc. 66 at PageID 2276-77.

On May 25, 2012, Petitioner filed a motion for relief from judgment based on newly discovered evidence pursuant to Fed. R. Civ. P. 60(b)(2). Doc. 72. In response to the Court's Order, Petitioner produced his alleged newly discovered evidence on June 27, 2012. *See* docs. 73, 75. Specifically, Petitioner produced a digital audio recording of a telephone conversation between his sister, Jamisla Meaux, and Kirby Peterson (a witness in his criminal trial); a certified transcript of that conversation; and two affidavits authenticating that recording and the transcript.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

*See* doc. 75. Petitioner claimed that this evidence was an "audio confession from the State's primary witness Kirby Peterson," in support of his *habeas* claim in Ground One – that the prosecutors knowingly suborned false testimony from Kirby Peterson. *See* doc. 72. The Court listened to the audio recording, and read the transcript and affidavits, but disagreed that the recording demonstrated that the prosecutors knowingly suborned false testimony from Kirby Peterson during Petitioner's criminal trial. *See* doc. 77.

The undersigned recommended that Petitioner's motion be denied because it was, in substance, a second or successive *habeas* petition. *See* doc. 77 at PageID 2325-27. *See also Smith v. Anderson*, 402 F.3d 718, 723-25 (6th Cir. 2005). Thus, because Petitioner had not obtained authorization from the Sixth Circuit to file a second or successive *habeas* petition pursuant to 28 U.S.C. § 2244(b)(3), the undersigned recommended that the Court lacked jurisdiction over his motion.[2] *See* doc. 77 at PageID 2325-27. *See also Smith*, 402 F.3d at 723. The District Judge, adopting the undersigned's Report and Recommendation (doc. 77) in its entirety, denied Petitioner's Fed. R. Civ. P. 60(b) motion. Doc. 84.

Pursuant to 28 U.S.C. § 2253(c), a certificate of appealability is required for a *habeas* petitioner to appeal the denial of his or her Fed. R. Civ. P. 60(b) motion to the Sixth Circuit. *See United States v. Hardin*, 481 F.3d 924, 925-26 (6th Cir. 2007). "This is a separate procedural hurdle from the authorization required under section 2244 to file a second or successive *habeas* petition." *Id.* (italics added). To obtain a certificate of appealability under 28 U.S.C. § 2253(c), Petitioner must show that "reasonable jurists would find [the Court's] assessment of [Petitioner's] constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or "the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v.*

---

[2] Alternatively, the undersigned noted, in his Report and Recommendation, that Petitioner's Rule 60(b) motion should be denied even if the Court had jurisdiction because his first ground for relief was procedurally barred, and his "newly presented evidence" did not support a claim of actual innocence to excuse his procedural default. *See* doc. 77.

*Cockrell*, 537 U.S. 322, 327 (2003).  In addition, for those claims dismissed on procedural grounds, Petitioner must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.  If the Court can resolve the procedural issue first, it need not consider the constitutional issues.  *Id.* at 484-85.

Here, it is clearly established by the United States Supreme Court that a Fed. R. Civ. P. 60(b) motion such as Petitioner's – "seeking leave to present 'newly discovered evidence' … in support of a claim previously denied" – must be treated as a second or successive *habeas* petition.  *Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005).  Accordingly, Petitioner must have authorization by the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3) before this Court may consider Petitioner's new claims.  *See id.*  As reasonable jurists would not disagree with this conclusion, it is **RECOMMENDED** that Petitioner's motion for a certificate of appealability to appeal the denial of his Fed. R. Civ. P. 60(b) motion (doc. 88) be **DENIED**.

November 2, 2012                                               s/ **Michael J. Newman**
                                                               United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).